IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DAMIEN D. COUNCIL, #10939-078 | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 4:11cv215<br>CRIMINAL ACTION NO. 3:03CR6(1) |
| | | |
| UNITED STATES OF AMERICA | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

Movant Damien D. Council, a prisoner confined at FCC Beaumont in Beaumont, Texas, filed the above-styled and numbered *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

<u>Background</u>

On May 26, 2006, the Court sentenced Movant to 420 months of imprisonment after a jury found him guilty of (1) the use, carrying, or possession of a firearm during and in relation to a drug trafficking crime, (2) felon in possession of a firearm, and (3) possession of a controlled substance with the intent to distribute, in violation of 18 U.S.C. § 924( c) (1), § 922 ( g) (1), and 21 U.S.C. § 841( a) (1), respectively. On February 23, 2006, the Fifth Circuit Court of Appeals remanded the case for re-sentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). On August 10, 2006, the United States District Court re-sentenced Movant to 137 months. More specifically, he was sentenced to 48 months on Count 1, 29 months on Count 2, and 60 months on Count 3, to be served consecutively.

Movant then filed a motion for the retroactive application of sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582, based on Amendment 706 to U.S.S.G. § 2D1.1( c). On January 22, 2009, the motion was denied. Movant filed an appeal to the denial of his § 3582 motion, but the Fifth Circuit Court of Appeals affirmed the denial on June 15, 2010.

The present motion was filed on April 15, 2011. Movant states that he delivered the motion to prison officials for mailing on April 7, 2011; accordingly, his motion is deemed filed on April 7, 2011, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). In his motion, Movant claims that he is entitled to relief because the trial court abused its discretion in sentencing him to consecutive terms, his counsel was ineffective in several instances, his right to due process was violated, and the prosecutor engaged in misconduct. Movant also complained of a jail time credit issue. However, that issue was severed from the instant § 2255 motion, construed as a § 2241 petition, and transferred to the appropriate court. The Government was not ordered to file a Response.

## Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000).

In the present case, Movant was sentenced on May 26, 2006. The Fifth Circuit then granted relief on direct appeal by remanding the case to the trial court for re-sentencing. The United States District Court re-sentenced Movant on August 10, 2006, and his notice of appeal was due ten days later. Fed. R. App. P. 4(b). Movant did not file a notice of appeal following re-sentencing; consequently, his conviction became final for purposes of § 2255 on August 24, 2006. Accordingly,

Movant's § 2255 motion was due no later than August 24, 2007. Movant filed his § 2255 motion on April 7, 2011 – more than three years and seven months beyond the expiration of the one-year limitations period.

This Court allowed Movant the opportunity to show that his motion was not time-barred. On June 16, 2011, the Clerk of the Court received Movant's response to the order to address the timeliness of his §2255 motion. According to his response, Movant now contends that his motion was filed based also an actual innocence, and urges the Court to consider the merits of his issues. However, Movant presents no evidence of actual innocence nor does he present any evidence that he is entitled to equitable tolling in this case. Moreover, claims of actual innocence do not preclude the dismissal of a petition that is untimely filed. *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

The United States Supreme Court recently confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual

innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

In the present case, Movant has not shown any valid basis upon which to equitably toll the statute of limitations. He has not shown that he filed a defective proceeding during the statutory period. He also has failed to show that he was induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. Nor has Movant shown any "rare and exceptional circumstances" or that he has been diligently pursuing his rights. He filed his motion three years, seven months, and fourteen days petition beyond the limitations period; consequently, the petition should be dismissed as time-barred.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best

position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

Recommendation

It is recommended that the above-styled motion for relief under 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 24th day of June, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE